UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT VARDANYAN, | ) | 1:07-cv-01246-OWW-TAG HC |
| Petitioner, | ) | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL (Doc. 3) |
| v. | ) | |
| ALBERTO GONZALES, et al., | ) | |
| Respondents. | ) | |

Petitioner has requested the appointment of counsel. (Doc. 3). There currently exists no absolute right to appointment of counsel in habeas proceedings. See e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958); Mitchell v. Wyrick, 727 F.2d 773 (8th Cir. 1984). However, Title 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Rules Governing Section 2254 Cases.

In the present case, the Court does not find that the interests of justice require the appointment of counsel at the present time. Petitioner contends that he does not have access to his own legal papers and his access to telephonic communication is limited. (Doc. 1, p. 2). Petitioner also contends that "[m]ost of the relevant facts are contained in the INS's administrative alien file, or 'A-file'" to which Petitioner does not have access. (Id.). Finally, Petitioner contends that should the Court order an evidentiary hearing, he would need appointed counsel to represent him. (Id. at p. 3).

On November 29, 2007, the Court issued an Order To Show Cause to Respondent why the petition should not be granted. As part of that order, the Court required Respondent to

1

1  file a copy of Petitioner's A-file.  Moreover, it does not appear that the issues raised in the
2  petition require additional documentation beyond what would normally be contained in the
3  A-file.  Thus, Petitioner's first two grounds for appointment of counsel are essentially moot.
4  Moreover, should the Court determine at some point that an evidentiary hearing is necessary,
5  the Court would address whether or not Petitioner required appointed counsel at that time.
6  However, at the present time, the circumstances of this case are not so compelling that the
7  Court could conclude that the interests of justice require appointing counsel.
8        Accordingly, IT IS HEREBY ORDERED that Petitioner's request for appointment of
9  counsel (Doc. 3), is DENIED.
10
11 IT IS SO ORDERED.
12 Dated:   **November 29, 2007**                              **/s/ Theresa A. Goldner**
                                                              UNITED STATES MAGISTRATE JUDGE