# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT VARDANYAN, ) | 1:07-cv-01246-OWW-TAG HC |
| ) | |
| Petitioner, ) | ORDER TO SHOW CAUSE WHY THE |
| ) | PETITION SHOULD NOT BE GRANTED |
| v. ) | |
| ) | ORDER DIRECTING THE CLERK TO |
| ALBERTO GONZALES, ) | SERVE DOCUMENTS ON RESPONDENT |
| ) | |
| Respondent. ) | |

Petitioner is detained by the United States Bureau of Immigration and Customs Enforcement ("ICE") and is proceeding with a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

In the instant petition, Petitioner, a native of Armenia, alleges that he is subject to a final order of removal entered on February 8, 2007. (Doc. 1, p. 2). Petitioner contends that he has been in continuous post-removal ICE custody since February 8, 2007. (Doc. 1, p. 3). Petitioner also alleges that Armenia has given no indication it will acquiesce to Petitioner's repatriation to that country, and that as a result of Armenia's recalcitrance, Respondent has been unable to obtain travel documents for Petitioner and is unable to effectuate Petitioner's removal from the United States in the reasonably foreseeable future. (Id.). Petitioner further alleges that his detention pursuant to 8 U.S.C. § 1231(a)(6) is indefinite and violates his constitutional rights. (Doc. 1, p. 4). Petitioner also asserts that his detention exceeds Respondent's statutory authority under Zadvydas v. Davis, 533 U.S. 678 (2001). (Id.).

Because Petitioner may be entitled to relief if the claimed violations are proved, Respondent IS ORDERED TO SHOW CAUSE why the Petition should not be granted. Rule 4, Rules Governing Section 2254 Cases; see Rule 1(b), Rule 11, Rules Governing Section 2254 Cases; Fed. R. Civ. P. 81(a)(2). Respondent SHALL INCLUDE a copy of Petitioner's Alien File and any and all other

documentation relevant to the determination of the issues raised in the petition. Rule 5 of the Rules Governing Section 2254 Cases.  In the event the Petitioner is released from ICE custody during the pendency of this Petition, the parties SHALL notify the Court by filing a Motion to Dismiss the Petition or other proper pleading.  Should the parties fail to notify the Court that Petitioner has been released, the parties may be subject to sanctions pursuant to the inherent power of the Court to issue sanctions in appropriate cases.  See Local Rule 11-110.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED:

1. Respondent is ORDERED TO SHOW CAUSE why the Petition should not be granted. The Return to the Order to Show Cause is due within FORTY-FIVE (45) days of the date of service of this order.  Petitioner may file a Traverse to the Return within TEN (10) days of the date the Return to the Order to Show Cause is filed with the Court.
2. The Clerk of the Court is DIRECTED to SERVE a copy of the Petition for Writ of Habeas Corpus on the United States Attorney.  (Doc. 1).

The Court has determined that this matter is suitable for decision without oral argument pursuant to Local Rule 78-230(h).  As such, the matter will be taken under submission following the filing of Petitioner's Traverse or the expiration of the time for filing the Traverse.  All other briefing in this action is suspended.

IT IS SO ORDERED.

Dated:   **November 29, 2007**                               **/s/ Theresa A. Goldner**
                                                                                   UNITED STATES MAGISTRATE JUDGE